# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

ANN M. IRWIN                                                                 PLAINTIFF

v.                                                        CAUSE NO. 1:17CV140-LG-RHW

MOBILE KENNEL CLUB, INC., ET AL.                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS

BEFORE THE COURT is the [79] Motion to Dismiss Pursuant to the Mississippi Tort Claims Act, filed by Defendant the Mississippi Coast Coliseum Commission.[1] There has been no response by the plaintiff. After due consideration, the Court finds that the MCCC is not entitled to dismissal pursuant to Fed. R. Civ. P. 12 at this time. Accordingly, the Motion is denied.

The plain vanilla memorandum brief, citing only to the Mississippi Tort Claims Act, and devoid of any analysis or case authority, states that "various claims of the Plaintiff asserted in her First Amended Complaint against this Defendant are improper and are not allowable by virtue of the provisions of the Mississippi Tort Claims Act, § 11-46-1 *et seq.* (the "MTCA")." (MCCC Mem. 2, ECF No. 80). Without describing any of the plaintiff's negligence claims or how the provisions of the Mississippi Tort Claims Act may apply to the claims, the MCCC argues that "to the extent the allegations contained in the Plaintiff's First Amended Complaint exceed that which were waived by the MTCA, they must be dismissed as to the MCCC."

---

[1]The Motion refers generally to Rule 12 of the Federal Rules of Civil Procedure and does not indicate which subpart of Rule 12 applies.

(*Id*. at 4). The absence of a response or memorandum brief from the plaintiff is equally confounding.

In seeking dismissal under Rule 12, "[i]t is upon the party moving for dismissal to prove an absence of a claim." *Mello v. Sara Lee Corp*., 292 F.Supp.2d 902, 904 (N.D. Miss. 2003). "A defendant may not discharge its burden by failing to address a claim or its elements." *Capnord v. Fred's*, No. 4:15-CV-168-DMB-RP, 2017 WL 1496237, at *5 (N.D. Miss. Apr. 26, 2017) (citing *Null v. Easley*, No. 4:09-cv-296, 2009 WL 3853765, at *6 (N.D. Tex. Nov. 18, 2009) ("Without specific arguments addressing the claims for conversion, theft, and constructive trust, analyzing the allegations, or lack thereof, in light of the governing substantive law, the Court will not order these claims dismissed.")).

The MCCC has not met its burden to prove the absence of a claim. Instead, it has left it to the Court, without the benefit of analysis or authority, to hypothesize whether and to what extent the MTCA and its immunity provisions apply to the plaintiff's claims. A skeletal motion supported by an equally vague memorandum brief is not sufficient. As one court has aptly noted "Judges are not like pigs hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Finally, plaintiff's counsel is reminded of their motion practice obligations under the Local Rules. "Within the time allowed for response, the opposing party must either respond to the motion or notify the court of its intent not to respond." *See* L.U.Civ.R. 7(b)(3)(A). While it is presumed that claims against individual

defendants are made in good faith, a response to a dispositive motion will at a minimum, demonstrate the level of alacrity with which a plaintiff has brought those claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [79] Motion to Dismiss Pursuant to the Mississippi Tort Claims Act, filed by Defendant the Mississippi Coast Coliseum Commission, is **DENIED** at this time.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE